## HARMAN *v.* LEWIS and another.[1]

*(Circuit Court, E. D. Missouri.* June 20, 1885.)

1. LIFE INSURANCE—BENEVOLENT SOCIETIES—ASSIGNMENT OF CERTIFICATE.

Where a certificate of membership in a benevolent association insures the beneficiary's life, and provides that no assignment of the certificate "shall be valid, unless approved by the secretary," an assignment without such approval will be invalid.

2. SAME.

*Query,* whether such a certificate or policy in a benevolent association, incorporated under the laws of Missouri, and which has for its object to give financial aid and benefit to the widows and heirs at law of deceased members, or to such uses and purposes as the member shall by last will appoint, is assignable.

Bill of Interpleader.

The dispute in this case is as to the right to receive a fund paid into court by the Masonic Mutual Benefit Association, a benevolent association organized under the laws of the state of Missouri. This fund consists of insurance money due from said association, by the terms of a certificate of membership issued to T. L. Funkheuser, now deceased. M. D. Lewis, the administrator of the assured, claims as such. M. L. Funkheuser claims under an assignment. John P. Harman claims as guardian of Lillian Funkheuser, only child and heir of the deceased, who did not leave a widow. The certificate of membership, or policy, names the assured as his own beneficiary. It contains, among other provisions, the following:

"This certificate is issued by the society and accepted by the holder and beneficiary therein upon the following express conditions and agreements: (1) That the same is issued and accepted subject to the articles of association and by-laws of the society. * * * (4) No assignment of this certificate shall be valid unless approved by the secretary."

The following clause is printed upon the back of the certificate:

"Upon the death of a member of the society, if the certificate has not been assigned or pledged, the benefit will be paid to the beneficiary named in the certificate, or if no person is designated therein as beneficiary, then to the widow; if there be no widow, then to the children of the deceased member in equal parts, or if there be neither widow nor children, then to his executor or administrator."

The by-laws of the society provide that no pledge or assignment of a policy or benefit shall be valid or binding unless approved by the society. They also provide that the object of the society is to give financial aid and benefit to the widows and orphans and heirs at law of deceased members, or to such uses or purposes as said deceased members shall by last will and testament appoint.

The assignment in question was never approved by the secretary. Said guardian claims that even if the assignment had been approved

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

it would have been invalid, because contrary to the articles of association and the Missouri statutes concerning benevolent associations.

*Geo. D. Reynolds,* for Harman.

*Geo. C. Smith,* for Lewis.

*M. L. Wilcox,* for M. L. Funkheuser.

TREAT, J. (*orally.*) Fund paid into court is subject to the ruling of the court as to the respective rights of parties. It is not necessary to enter into an elaborate consideration, in the light of authorities, of the peculiar obligations resulting from certificates of membership in this corporation. Whether such a certificate was assignable admits of extreme doubt. But even if assignable under the terms of the certificate, said terms were never complied with. The result is that the fund in court, less costs, must be paid to John P. Harman, guardian of the child of deceased.

Decree will be entered accordingly.